*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| IN RE: GREG EDWARD DONOVAN | : | CHAPTER 7 |
| Debtor | : : : | No. 21-13406-mdc |
| FIRST COMMONWEALTH BANK F/K/A CENTRIC BANK | : : : | |
| Plaintiff, | : | ADVERSARY ACTION |
| v. | : : | NO. 22-00044 (mdc) |
| GREG EDWARD DONOVAN | : | |
| Defendant. | : : | |

**JOINT PRE-TRIAL STATEMENT**

Plaintiff First Commonwealth Bank f/k/a Centric Bank and Defendant Greg Edward Donovan ("Donovan") jointly file this Pre-Trial Statement, as follows:

**A.** **Basis of Jurisdiction** – This Court has jurisdiction under 28 U.S.C. § 1334(b) and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I) pertaining to the dischargeability of certain debts.

**B.** **Statement of Uncontested Facts:**

    1.    On December 29, 2021, the Debtor filed a voluntary petition with this Court under Chapter 7 of the Bankruptcy Code.

    2.    This matter relates to two loans (the "Loans") made by Centric Bank to West Ninth Vintage, Inc. ("West Ninth"), which Loans were guaranteed by Mr. Donovan and by his wife Inna Donovan

1

("Mrs. Donovan").

3. The first loan was made pursuant to a U.S. Small Business Administration ("SBA") note dated May 30, 2017 (Note 1") in the amount of $3,005,000 ("Loan 1").

4. The second loan was made pursuant to the terms and conditions of that certain Line of Credit Note also dated May 30, 2017 ("Note 2") in the principal amount of $100,000.00 ("Loan 2").

5. Both Loans were unconditionally guaranteed by the Debtor and by Mrs. Donovan.

6. The borrower, West Ninth, defaulted on its obligations to Centric Bank under the Notes by virtue of various events, including, without limitation, its failures to make payment when due of the amounts payable on the Notes.

7. Additionally, pursuant to the express terms of the loan documents, the filing for Bankruptcy by any guarantor of the Loans is an event of default.

8. Centric Bank has discovered that on December 21, 2021, only eight (8) days prior to this bankruptcy filing, that Mrs. Donovan purchased a property in Florida located at 4540 Silver Lining Street, Sarasota, Florida (the "Florida Property").

9. Mrs. Donovan purchased the Florida Property for $389,900 and financed the purchase through a mortgage from Lending Capital

        Group in the original principal amount of $333,000. (the "Mortgage").

10. The Debtor is listed as a co-borrower on the Mortgage. Debtor is not an obligor on the Promissory Note and is not on the Deed.

11. The Florida Property is not listed as an asset nor as a liability on the Debtor's bankruptcy schedules.

12. A meeting of creditors/2004 examination of the Debtor was conducted by the trustee on April 1, 2022 (the "Examination"). The first meeting of Creditors was held on March 21, 2022. Plaintiff, Centric Bank did not attend said meeting. The meeting was held open for a potential "carve-out" and then concluded on April 1, 2022.

13. The Debtor resided at the Florida Property of non-filing spouse for a period of time.

14. The Debtor and Mrs. Donovan separated on March 30, 2020, the non-filing spouse filed a Divorce Complaint in Potter County, Pennsylvania on December 2, 2021 and were divorced on July, 27, 2022

15. During the Examination, Debtor testified that Mrs. Donovan purchased the Florida Property with "her own" money.

16. Debtor testified that prior to the move to the Florida Property, that Debtor was the one paying all of the household expenses in

3

    Pennsylvania, and that Mrs. Donovan did not contribute to any of the household expenses.

17. Following the move to Florida, the Debtor did not pay rent or any other sums to Mrs. Donovan to live at the Florida Property.

18. The Debtor did not pay any household expenses for the Florida Property, other than for his own food and gas.

19. On May 1, 2022, Debtor secured his own place of residence at 4889 Post Pointe Drive, Sarasota, FL 34233 signing a lease.

20. The Debtor is now employed in a full-time position in which he is being paid approximately $94,000 per year.

21. The Debtor filed a Praecipe for Change of Address on April 6, 2022, citing his address as 4540 Silver Lining Street, Sarasota, FL (non-filing spouse's home).

22. The Debtor filed a Praecipe for Change of Address on May 9, 2022 citing his residence as 4889 Post Pointe Drive, Sarasota, FL 34233.

23. The Debtor's case was Discharged on April 14, 2022.

24. On June 6, 2022, Trustee Shubert Christine C. Shubert filed her Chapter 7 Report of No Distribution.

25. On May 11, 2022, Plaintiff Centric Bank filed this instant Adversary Complaint objecting to the defendant's Discharge

**C.     Statement of Disputed Facts**: None

**D.     Damages or Other Relief**

Plaintiff is seeking the denial of the Defendant's discharge.

**E.     Legal Issues**

1.     A debtor's failure to list his assets on his bankruptcy Schedules can constitute a false oath for purposes of § 727(a)(4). *The Cadle Company v. Zofko*, 380 B.R. 375, 382 (W.D. Pa. 2007). "Section 727(a)(4)(A) is designed to ensure that the debtor puts dependable information in the hands of those interested in the administration of the bankruptcy estate without the need for the trustee or a party in interest to engage in costly, exhaustive investigations to ferret out the truth concerning the Debtor's financial condition." *In re Giquinto*, 388 B.R. 152, 178 (Bankr. E.D. Pa.2008). To successfully challenge a debtor's discharge under § 727(a)(4), a creditor must prove that: (1) the debtor made a false oath or statement, (2) the debtor knew the statement was false, (3) the debtor made the statement with the intent to deceive, and (4) the statement was material to the bankruptcy case. *The Cadle Company*, 380 B.R. at 382; *Hatch v. Hatch (In re Hatch)*, Nos. 07-11453(SR), 07-214, 2009 Bankr. LEXIS 4400, at *25-26 (Bankr. E.D. Pa. Sep. 30, 2009).

**Summary of Plaintiff's Legal Argument**:

Plaintiff alleges that Defendant G Donovan has violated § 727(a)(4), because (1) the Debtor's schedules are false and misleading as to the omission of a Florida property/mortgage, (2) that the Debtor no longer meets the means test for a Chapter 7 bankruptcy, and (3) that Mrs. Donovan should have been included as a co-debtor on the Debtor's filed schedules. Accordingly, it is Plaintiff's position that the Debtor made a false oath or account when he failed to disclose the Florida Property, failed to disclose his execution of the mortgage on the Florida property, and when he failed to subsequently modify his schedules to reflect the Debtor's true financial condition.

2. *Fed. R. Bankr. P. 4004(a)* and *4007(c)* each provide that a complaint objecting to a debtor's discharge, or to the dischargeability of a particular debt under *Section 523(c)*, must be filed within 60 days of the meeting of creditors. However, both *Rules* provide that the Court may, for cause shown, extend the deadline.

**Summary of Plaintiff's Legal Argument:**

The deadline for objections to discharge or to the dischargeability of a debt as set forth in *Rules 4004* and *4007* is not jurisdictional in nature, therefore its enforcement is subject to equitable considerations. *See Popa v. Calinoiu (In re Calinoiu)*, 431 B.R. 121, 123 (Bankr. W.D. Pa. 2010) (citing *First Nat'l Bank, NA v. Forsythe (In re Forsythe)*, Nos. 04-39980 Adv, 05-3092, 2005 Bankr. LEXIS 2903 (Bankr. S.D. Ohio May 24, 2005) and *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004)

and *Nardei v. Maughan*, 340 F.3d 337 (6th Cir. 2003)).

Numerous courts have addressed the issue of the applicable time for filing an adversary complaint when the Debtor had prior notice of the issues alleged in the adversary complaint, but the adversary complaint was filed after the "bar date". The Courts have either applied the equitable "relation back" doctrine, or simply deemed the late filed complaint as timely filed based on equitable considerations. *See, Popa v. Calinoiu (In re Calinoiu),* 431 B.R. 121, 123 (Bankr. W.D. Pa. 2010) (collecting cases): *In re Rutherford*, 2010 WL 1245025, 427 B.R. 656, 2010 Bankr. LEXIS 839 (Bankr. S.D. Ohio, March 31, 2010); *In re Dunaway*, 346 B.R. 449 (Bankr. N.D. Ohio 2006); *In re Caldwell*, 2007 Bankr. LEXIS 2023, 2007 WL 1702610 (Bankr. N.D. Ala., June 8, 2007); *In re Little*, 220 B.R. 13 (Bankr. D.N.J. 1998); *In re Sherf*, 135 B.R. 810 (Bankr. S.D Tex. 1991); [*124] and *In re Forsythe*, 2005 Bankr. LEXIS 2903, 2005 WL 4041162 (Bankr. S. D. Ohio, May 24, 2005).

As stated in *Popa v. Calinoiu (In re Calinoiu)*, 431 B.R. 121, 125 (Bankr. W.D. Pa. 2010), the Court always prefers to decide issues on the merits rather than to dismiss an action or grant summary judgment solely on procedural grounds.

**Summary of Debtor's Legal Argument:**

Plaintiff, Centric Bank, filed this instant adversary action under 11 U.S.C. §727(a)(4) and Fed. R. Bankr. P 7001 on May 11, 2022. Pursuant to the Notice of Chapter 7 Bankruptcy Case issued by the Bankruptcy Clerk of Court on December 30, 2021, the deadline to object to discharge or the dischargeability of any debts

7

under any of the subdivisions of 11 U.S.C. §727(a)(2) through (a)(7) was April 11, 2022. Pursuant to Fed. R. Bankr. P. 4004 which sets the time to object to discharge in a Chapter 7 case no later than 60 days after the date first set for the §341 Meeting of Creditors. The first date set for the Meeting of Creditors in this matter was February 10, 2022. Plaintiff **DID NOT** attend the originally scheduled §341 Meeting of Creditors on February 10, 2022. The Chapter 7 Trustee held the 341 Meeting open to attempt to negotiate a carve-out with the lender, and it was continued. The follow-up Meeting was held on April 1, 2022 and subsequently concluded. Pursuant to 11 U.S.C. §727(a)(4) and Rule 4004, Plaintiff/Creditor, Centric Bank's Adversary was due on or before April 11, 2022. Said Adversary was filed more than 30 days after the deadline.

*Fed R. Bankrup. P. 4004(a)* and *4007(c)* provide that the Court may, for cause shown, extend the deadline, **but only** if the party seeking the extension ***files a motion before the time deadline expires*** (emphasis added). Clearly, Plaintiff did not file a Motion for Enlargement.

Plaintiff, Centric Bank, relies on *In re Calinoiu,* 431 B.R. 121 (Bankr. W.D. Pa. 2010). Calinoiu sets out a two-part test to determine whether an untimely adversary proceeding relates back to a timely filed contested matter that requires the Court to first consider whether the initial document provided debtor with the fair notice of the creditor's claims and grounds, and then consider if the claims in the new pleading, the adversary complaint, arise from the same conduct as the claims made in the initial document.

8

In the case of *In re Calinoiu,* 431 B.R. 121 (Bankr. W.D. Pa. 2010), Plaintiff's adversary complaint as being timely filed was warranted where the original complaint raising a non-dischargeability claim was filed in a Chapter 7 debtor's main bankruptcy case ***prior to the bar date*** (emphasis added), the adversary complaint made identical allegations relaying on the same section of the Bankruptcy Code for their relief, debtor received fair and timely notice of allegations upon which action was premised, and the adversary proceeding was commenced a mere two days after the bar date 11 U.S.C.A. §523.  In the *Calinoiu* case, the Clerk had issued a corrective entry, because the creditor's counsel in that case incorrectly filed the initial Adversary Complaint.

In this instant case, Plaintiff filed this adversary action 30 days ***after*** the bar date and after the Debtor had received his Discharge.  There is no case law in the Bankruptcy Court of Eastern District of Pennsylvania or elsewhere that would support this filing as timely or equitable.

Further, it is Debtor's position that Plaintiff's Adversary Complaint has no merit.  Debtor separated from his non-filing spouse more than 1.5 years before Debtor's Chapter 7 filing and is now divorced from his wife.  The Debtor has no legal responsibility for his estranged wife's home purchase. He had no equitable claim in a Pennsylvania divorce action to this post-separation real estate purchase by his former wife.  All monies used to purchase this property came solely from his estranged wife.

To show that debtor made a false oath "knowingly" as required by discharge exception, plaintiff must prove that the debtor knew the truth, yet willfully and intentionally swore to a false statement. 11 U.S.C.A. §727(a)(4)(A). *In re: William C. Young*, 576 B.R. 807, United States Bankruptcy Court, E.D. Pennsylvania.

Debtor's false oath "relates materially" to bankruptcy case, as required by discharge exception, when its subject bears a relationship to debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or existence and disposition of property. 11 U.S.C.A. §727(a)(4)(A). *In re: William C. Young*, 576 B.R. 807, United States Bankruptcy Court, E.D. Pennsylvania.

Based on the facts as represented by Plaintiff, they have not and will not at trial be able to establish that the debtor pursuant to 11 U.S.C.A. §727(a)(4) "knew the statement was false, made the statement with fraudulent intent and the statement related materially to the bankruptcy case" Plaintiff will not be able to establish they have met the five (5) requirements to proving that Debtor/Respondent made false oaths or accounts in his Bankruptcy Petition and Schedules or during his testimony at his §341 Meeting of Creditors.

Additionally, the Chapter 7 Trustee concluded there were no Assets to be distributed in this case nor did she take issue with any of debtor's testimony at his §341 Meeting of Creditors or documentation that was provided to her to administer this case.

**F.      Witnesses**

As there are no issues of disputed facts requiring testimony, the parties do not intend to present any witness testimony at the trial of this matter, only oral argument. However, if the Court requires witness testimony, the parties intend to call the following witnesses:

1. A Loan officer of Plaintiff First Commonwealth Bank f/k/a Centric Bank (can be contacted through counsel) – knowledge regarding the facts of this adversary action (remote from the loan officer's office. There will be no one present with this loan officer).

2. Defendant Greg Donovan – knowledge regarding the facts of this adversary action (remote from 4889 Post Pointe Drive, Sarasota, FL 34233. There will be nobody with Mr. Donovan).

**G.      List of Exhibits**

As there are no issues of disputed facts, the following Exhibits will be presented to the Court and placed on the record if requested or Ordered by the Judge:

1. Plaintiff's Proofs of Claim.
2. The Loan Documents.
3. The Florida Mortgage.
4. The Florida Deed.
5. Defendant's Offer in Compromise letter to the SBA with all attachments.

6. Debtor's Petition, Schedules and Amendments thereto.

7. Relevant documents produced and/or introduced by the Defendant and Plaintiff.

8. Form 309A.

9. Lease of May 1, 2022.

10. Divorce Complaint dated December 2, 2021.

11. Divorce Decree dated July 27, 2022.

12. Email of Mark Hanewich dated June 6, 2022.

13. Email of Morgan Wolf dated May 16, 2022.

14. Audio transcript of the 341 Meeting dated April 1, 2022.

H. **Estimated Trial Time and Scheduling Issues**

1. The parties anticipate the trial should take one day.

**I.     Certification**

The parties certify that they have attempted in good faith to resolve this matter without success.

                                    Respectfully submitted,

                                    BERGER LAW GROUP, PC

Dated:                         By:   /s/ Phillip D. Berger
                                    Phillip D. Berger, Esquire
                                    919 Conestoga Road, Building 3, Suite 114
                                    Rosemont, PA 19010
                                    (610) 668-0800
                                    Berger@BergerLawPC.com
                                    Attorneys for the Plaintiff Centric Bank

                                  LUONGO BELLWOAR LLP

Dated:                         By:   /s/ Stanley R. Luongo
                                    Stanley R. Luongo, Jr., Esquire
                                    126 West Miner Street
                                    West Chester, PA 19382
                                    610- 430-6600
                                    Stan.luongo@luongobellwoar.com
                                    Attorneys for the Defendant Greg Edward Donovan