# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | Chapter 7 |
| --- | --- | --- |
| Greg Edward Donovan, | : | |
| Debtor. | : | Bankruptcy No. 21-13406-**MDC** |
| | | |
| Centric Bank, | : | |
| Plaintiff, | : | |
| v. | : | Adversary No. 22-00044 -**MDC** |
| Greg Edward Donovan, | : | |
| Defendant. | : | |

## ORDER

**AND NOW WHEREAS**, on May 11, 2022, the plaintiff Centric Bank (the "Plaintiff") filed an adversary Complaint (the "Complaint")[1] against the debtor Greg Edward Donavan (the "Defendant"), objecting to the Defendant's discharge pursuant to 11 U.S.C. §727(a)(4) based on alleged false or inaccurate statements in the Defendant's bankruptcy schedules (the "Schedules").

**AND**, on December 9, 2022, the Defendant filed a motion for summary judgment (the "Summary Judgment Motion").[2]

**AND**, on December 28, 2022, the Plaintiff filed opposition to the Summary Judgment

---

[1] Adv. Pro. Docket No. 1.

[2] Adv. Pro. Docket No. 19.

-1-

Motion (the "Opposition").³

**AND**, on February 7, 2023, the Defendant filed a supplement to the Summary Judgment Motion (the "Supplement").⁴

**AND**, on February 8, 2023, the Court held a hearing (the "Hearing") on the Summary Judgment Motion and the Opposition, after which the Court took the matter under advisement and directed the Parties to submit further briefing (the "Post-Hearing Briefs").

**AND**, on February 23, 2023 and March 9, 2023, the Parties each submitted their respective Post-Hearing Briefs.⁵

**AND**, upon consideration of the Summary Judgment Motion, the Opposition, the Supplement, and the Parties' arguments presented at the Hearing and in the Post-Hearing Briefs.

**It is HEREBY ORDERED, ADJUDGED, AND DECREED,** that

1. The Summary Judgment Motion is **DENIED**.

2. To prove a claim under §727(a)(4)(A), the evidence must show that a debtor intended to defraud his creditors or estate. *See, e.g., In re Belanger,* 524 B.R. 634, 638 (Bankr. E.D.Pa. 2015) (citing *In re Giquinto,* 388 B.R. 152, 179 (Bankr. E.D.Pa. 2008)). The requirement that a false statement is knowingly and fraudulently made is satisfied for purposes of §727(a)(4)(A) if the debtor knows the truth and nonetheless willfully and intentionally swears to what is false. *Id.*

3. Thus, to the extent the Schedules include false statements, the Defendant's knowledge and intent in making them are critical to a determination whether they constitute a

---

³ Adv. Pro. Docket No. 22.
⁴ Bankr. Docket No. 25.

false oath or account. The Summary Judgment Motion, however, does not establish the absence of dispute regarding the Defendant's knowledge and intent when making the statements included in the Schedules. Rather, evidence of his knowledge and intent, or lack thereof, are required at trial. As such, summary judgment for the Defendant is not warranted. *See, e.g., Goldenstein v. Repossessors Inc.,* 815 F.3d 142, 146 (3d Cir. 2016) (in a motion for summary judgment, it is initially the moving party's burden to demonstrate the absence of a genuine dispute of material fact).[6]

4.  The previously-scheduled trial shall proceed on August 18, 2023, at 11:30 a.m. by video conference.

Dated: August 11, 2023

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

---

[5] Bankr. Docket Nos. 31, 32, 33, 34.

[6] The Defendant's Supplement to the Summary Judgment Motion asserts for the first time that the Complaint was untimely under Rule 4004, which requires that a complaint objecting to discharge must be filed more than 60 days after the first date set for the meeting of creditors, whereas the Complaint here was filed about 30 days after that deadline (although Rule 4004(b) permits an extension of time for cause, it must be granted upon motion filed before the 60 day timeline has expired, and here no such motion was filed or extension granted). The Parties addressed this argument in their Post-Hearing Briefs, but did not address whether the Defendant's untimeliness argument had been waived. However, the Defendant waived that argument by failing to assert it as a basis for dismissal in his motion to dismiss or as an affirmative defense in his answer. *See Kontrick v. Ryan*, 540 U.S. 443, 445, 124 S. Ct. 906, 909, 157 L. Ed. 2d 867 (2004) (observing that Bankruptcy Rules 4004(a) and (b) and 9006(b)(3) are claim-processing rules and among their primary purposes is to afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) time limits, and affirming the Seventh Circuit's finding that the debtor had waived an untimeliness affirmative defense because "time bars generally must be raised in an answer or responsive pleading"); *see also* Rule 7008(c) (statute of limitations affirmative defense must be stated in responsive pleading); Rule 7012 (every defense must be asserted in a responsive pleading other than the enumerated defenses that may proceed by motion). Therefore untimeliness is not a proper basis for summary judgment for the Defendant.

Phillip D. Berger, Esq.
Berger Law Group, PC
919 Conestoga Road
Bldg. 3, Suite 114
Rosemont, PA 19010

Stanley E. Luongo, Jr., Esq.
Luongo Bellwoar LLP
126 West Miner Street
West Chester, PA 19382